Dear Mr. Gegenheimer:
Our office received an opinion request from you regarding whether a mortgage to secure future obligations that does not describe the maturity of any obligation that it secures must be reinscribed within ten years from the date of the mortgage. This request has been assigned to me for research and reply.
La.C.C. art. 3298 authorizes a mortgage to secure an obligation which has not yet arisen into existence. La.C.C. art. 3298 states:
 Art. 3298. Mortgage may secure future obligations
 A. A mortgage may secure obligations that may arise in the future.
 B. As to all obligations, present and future, secured by the mortgage, notwithstanding the nature of such obligations or the date they arise, the mortgage has effect between the parties from the time the mortgage is established and as to third persons from the time the contract of mortgage is filed for registry.
 C. A promissory note or other evidence of indebtedness secured by a mortgage need not be paraphed for identification with the mortgage and need not recite that it is secured by the mortgage.
 D. The mortgage may be terminated by the mortgagor or his successor upon reasonable notice to the mortgagee when an obligation does not exist and neither the mortgagor nor the mortgagee is bound to the other or to a third person to permit an obligation secured by the mortgage to be *Page 2 
incurred. Parties may contract with reference to what constitutes reasonable notice.
 E. The mortgage continues until it is terminated by the mortgagor or his successor in the manner provided in Paragraph D of this Article, or until the mortgage is extinguished in some other lawful manner.
Pursuant to La.C.C. art. 3338, "the rights and obligations established or created by a mortgage to secure future obligations are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records. . ."
Prior to 1993, former La.C.C. art. 3369 provided for the duration of effect of recordation.[1] It stated in pertinent part:
 Art. 3369. Reinscription of mortgages and privileges; duration of effect of recordation
 A. (1) In all cases where mortgages and privileges, heretofore or hereafter recorded, secure the payment of an indebtedness, the whole of which matures less than nine years from the date of the obligation, the registry preserves the evidence of such mortgages and privileges during ten years, reckoning from the date of the obligation. (Emphasis added).
The pre-1993 rule assumed the mortgage would describe the obligations it secured adequately to determine the maturity from the act of mortgage. Since the mortgage to secure future obligations typically does not describe the maturity of the obligations secured (which may not be in existence at the time the mortgage is created), the pre-1993 rule was not adaptable to the mortgage to secure future obligations.
The 1993 enactment of former La.C.C. art. 3328 corrected this problem.[2] The 1993 revisions changed the ten year inscription period from ending ten years after the date of the obligation secured by the mortgage to ten years after the date of the document. La.C.C. art. 3328 stated:
Art. 3328. Duration of inscription; general rule
 Except as otherwise expressly provided by legislation, the effect of recordation of a document creating a mortgage . . . ceases ten years after the date of the document. (Emphasis added). *Page 3 
The 1993 revisions implicitly assumed that the mortgage may or may not describe the particular terms of the obligations it secured sufficiently to determine the maturity of the act of mortgage. Accordingly, the 1993 revisions made the general rule for the duration of an inscription adaptable to mortgages to secure future obligations.
In 2005, the Louisiana Legislature once again revised the Louisiana Civil Code articles governing inscription of mortgages. Act 169 of the 2005 Regular Session of the Louisiana Legislature repealed former La.C.C. art. 3328 and enacted La.C.C. art. 3357. Now, La.C.C. art. 3357
essentially provides the same general rule for the duration of an inscription as former La.C.C. art. 3328.[3] La.C.C. art. 3357 states:
 Art. 3357. Duration of inscription; general rule
 Except as otherwise expressly provided by law, the effect of recordation of an instrument creating a mortgage . . . ceases ten years after the date of the instrument. (Emphasis added).
Based on the foregoing information, a mortgage to secure future obligations that does not describe the maturity of any obligation that it secures must be reinscribed within ten years from the date of the mortgage.
If the effect of recordation of a mortgage has ceased for lack of reinscription, the recorder upon receipt of written signed application shall cancel its recordation.[4]
In conclusion, it is the opinion of this office that a mortgage to secure future obligations that does not describe the maturity of any obligation that it secures must be reinscribed within ten years from the date of the mortgage. Upon the receipt of a written signed application, the clerk of court shall cancel the recordation when such mortgage has not been reinscribed within ten years from the date of the mortgage. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ ERIN C. DAY ASSISTANT ATTORNEY GENERAL
 JDC/ECD/sfj
[1] Former La.C.C. art. 3369 was repealed by Act 1132 of the 1992 Regular Session of the Louisiana Legislature.
[2] Former La.C.C. art. 3328 was enacted by Act 1132 of the 1992 Regular Session of the Louisiana Legislature. It was subsequently repealed by Act 169 of the 2005 Regular Session of the Louisiana Legislature.
[3] La.C.C. art. 3357 was enacted by Act 169 of the 2005 Regular Session of the Louisiana Legislature and became effective July 1, 2006.
[4] La.C.C. art. 3367. *Page 1